**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Morin; Judy Morin,<br><br>               Plaintiffs,<br><br>vs.<br><br>Peoples Mortgage Co., IndyMac Bank, IndyMac Home Loan Servicing, Mortgage Electronic Registration Systems, MTC Finance dba Trustee Corps and Does 1 through 100,<br><br>               Defendants. | No. CV 11-02482-PHX-NVW<br><br>**ORDER** |

Before the Court is the "Motion to Dismiss Plaintiffs' Complaint Against Defendant, MTC Financial Inc., dba Trustee Corps for Failure to State Claim Upon Which Relief May Be Granted" (Doc. 7). Plaintiffs were required to respond to this motion by January 9, 2012. Plaintiffs filed no response. However, the Court *sua sponte* required Trustee Corps to show cause why the case should not be remanded to state court for lack of diversity jurisdiction. (Doc. 13.) Trustee Corps, in its response, did not sustain its burden of establishing jurisdiction. This case will therefore be remanded and Trustee Corps' motion will be denied as moot.

**I.     FACTS**

In 2006, Plaintiffs John and Judy Morin purchased a home in Surprise, Arizona. To finance this purchase, "Plaintiff's [*sic*] became indebted to Defendant Peoples Mortgage Co[.], later acquired by IndyMac Bank . . . pursuant to a promissory note

secured by a deed of trust . . . ." (Doc. 1 at 8 ¶ 6.) Peoples Mortgage is an Arizona corporation. IndyMac Bank is incorporated in Delaware and headquartered in California.

The recent economic downturn resulted in reduced income for the Morins, and they experienced difficulty in making their monthly mortgage payments. Eventually they received a notice of trustee's sale. They twice attempted to reach a loan modification, but have not succeeded. Their home was sold at a trustee's sale on October 20, 2011.

## II. LEGAL STANDARD

Federal courts may exercise removal jurisdiction over a case only if jurisdiction existed over the suit as originally brought by the plaintiff, 28 U.S.C. § 1441(a), such as where a civil action is between citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. The removing party bears the burden of establishing federal subject matter jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). There is a strong presumption against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case removed from state court, the case must be remanded. 28 U.S.C. § 1447(c).

## III. ANALYSIS

The Morins brought this suit in Maricopa County Superior Court on November 14, 2011, alleging breach of contract and various tort claims. Defendant "MTC Finance," whose real name is MTC Financial, Inc., and who does business as Trustee Corps, removed this case to federal court alleging diversity jurisdiction. Trustee Corps' notice of removal states — and the Morins have not contradicted — that the Morins and Peoples Mortgage are Arizona citizens. Normally, the presence of Peoples Mortgage as a defendant would defeat diversity jurisdiction and require remand to state court. However, if a non-diverse defendant has been "fraudulently joined," no remand is required.

"Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of

the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). In this case, the failure is not obvious.

The complaint's allegations regarding the relationship between Peoples Mortgage and IndyMac — "Plaintiff's [*sic*] became indebted to Defendant Peoples Mortgage Co[.], later acquired by IndyMac Bank" (Doc. 1 at 8 ¶ 6) and "People's Mortgage Co., (hereinafter referred to as IndyMac and/or its successors)" (*id.* at 9 ¶ 13) — are ambiguous in light of the generally known fact within this jurisdiction, *see* Fed. R. Evid. 201(b)(1), that Peoples Mortgage remains an operating business entity within Arizona. Thus, it is not clear whether IndyMac acquired all of Peoples Mortgage's assets, or just the Morins' loan, or something else. Each of these has distinct jurisdictional consequences.

In addition, the complaint alleges that Peoples Mortgage or IndyMac marked up "charges for work that they did not perform" and sought "payment for services which Defendants were not entitled." (*Id.* at ¶ 14.) The complaint also alleges "marked-up fees for late charges, escrow, and failing to disclose actual costs . . . ." (*Id.* at 10 ¶ 15.)

The specifics of these allegations are not clear, but they suggest wrongdoing both in the origination and the servicing of the loan. If challenged on a motion to dismiss, they would likely fail but with leave to amend to provide more details and clarity. Thus, the Court cannot conclude on this record that Peoples Mortgage has been fraudulently joined.

Trustee Corps received an opportunity to sustain jurisdiction through "exhibits, if necessary" (Doc. 13) but instead rested on the Morins' ambiguous allegations regarding the relationship between Peoples Mortgage and IndyMac. These allegations do not suffice. Here, it appears that Peoples Mortgage is a non-diverse defendant against whom a non-"fraudulent" claim may have been asserted. Trustee Corps therefore has not sustained its burden to show diversity jurisdiction and the case will be remanded. The "Motion to Dismiss Plaintiffs' Complaint Against Defendant, MTC Financial Inc., dba Trustee Corps for Failure to State Claim Upon Which Relief May Be Granted" (Doc. 7)

remains open for decision by the Superior Court to the extent its procedures accommodate unresolved motions filed before remand.

IT IS THEREFORE ORDERED that the Clerk shall REMAND this case to Maricopa County Superior Court. The Clerk shall terminate this case.

Dated this 25th day of January, 2012.

_____
Neil V. Wake
United States District Judge